## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Citibank, N.A.,**<br>701 East 60th Street North<br>Sioux Falls, South Dakota 57104<br><br>        **Plaintiff,**<br><br>    v.<br><br>**Lance Bailey & Associates, Inc.,**<br>Serve: Lancelot O. Bailey, President<br>7961 Eastern Avenue<br>Silver Spring, MD 20910<br><br>**Lancelot O. Bailey,**<br>1611 Crittenden Street, N.W.<br>Washington D.C. 20011<br><br>**The Bailey Henderson Living Trust,**<br>Serve: Lancelot O. Bailey, Trustee<br>1611 Crittenden Street, N.W.<br>Washington D.C. 20011<br><br>        **Defendants.** | Case No. _____ |

## **COMPLAINT**

Plaintiff Citibank, N.A. ("Citibank"), by and through its undersigned counsel, files this Complaint seeking a judgment based on unpaid amounts owed under a loan made by Citibank to Defendant Lance Bailey & Associates, Inc. ("LB&A" or "Borrower"), and guaranteed by Defendants Lancelot O. Bailey ("Mr. Bailey") and the Bailey-Henderson Living Trust (the "BH Trust," and collectively, with Mr. Bailey, the "Guarantors"). In support of its Complaint, Citibank states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Citibank, N.A. is a nationally chartered bank, with its principal place of business located at 701 East 60th Street North, Sioux Falls, South Dakota 57104.

2. Upon information and belief, LB&A is a corporation organized under the laws of the District of Columbia, with a principal place of business located at 7961 Eastern Avenue, Silver Spring, Maryland, 20910.

3. Upon information and belief, Mr. Bailey is a citizen of Washington D.C., who currently resides at 1611 Crittenden Street, N.W., Washington D.C. 20011.

4. The BH Trust is a trust created under the laws of the District of Columbia, with Gaynelle Henderson-Bailey and Lancelot O. Bailey as the current, acting Co-Trustees. The BH Trust address for notices is 1611 Crittenden Street, N.W., Washington D.C. 20011.

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties have completely diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper under 28 U.S.C. §1391(b) because (1) a substantial part of the events and omissions giving rise to the claim occurred in this district; (2) LB&A is a corporation organized under the laws of the District of Columbia; (3) the individual Defendants/Guarantors reside in this district; and (4) the Borrower and Guarantors have irrevocably consented to the jurisdiction of this Court.

**FACTUAL BACKGROUND AND GENERAL ALLEGATIONS**

7. On or about October 5, 2010, LB&A executed and delivered to Citibank a Credit Approval Letter, representing a Relationship Ready Line of Credit loan extended by Citibank to LB&A in the amount of $400,000.00 (the "Line of Credit"). The Line of Credit was


subsequently modified by an Amendment dated February 3, 2016, executed by Mr. Bailey as the authorized representative of Borrower.  Genuine and complete copies of the Line of Credit and the Line of Credit Amendment are attached hereto as **Exhibits A and B**, respectively, and incorporated by reference herein.

8.      The Guarantors under the terms of the Line of Credit are (1) Mr. Bailey, and (2) the BH Trust, executed with the signatory authority of both Co-Trustees of the BH Trust, Mr. Bailey and Ms. Gaynelle Henderson-Bailey. See Exhibit A at 4.  A genuine and complete copy of the Certificate of Trust for the BH Trust submitted to Citibank in October 2010 is attached hereto as **Exhibit C** and incorporated by reference herein.

9.      The Line of Credit incorporates by reference the terms of the Citibank Credit Terms and Conditions Disclosure Booklet (the "Disclosure Booklet"), attached as **Exhibit D**, and incorporated by reference herein.  The Borrower and Guarantors agreed to abide by the terms of the Disclosure Booklet in order to induce Citibank to extend the Line of Credit.

10.     The Line of Credit, Line of Credit Amendment, Disclosure Booklet, and all other documents, instruments, and agreements executed by LB&A, Mr. Bailey, and/or the authorized Trustees of the BH Trust in connection with those documents shall be collectively referred to as the "Loan Documents."  The Borrower and Guarantors shall be collectively referred to as the "Obligors."

11.     Pursuant to the terms of the Loan Documents, Borrower was authorized to borrow, repay in whole or in part, and re-borrow on a revolving basis, up to the maximum amount of the $400,000.00 Line of Credit.

12.     Pursuant to the terms of the Line of Credit Amendment, Borrower agreed that each month, it must pay "(a) the greater of (i) two percent (2%) of the outstanding principal

balance on the last day of the billing period or (ii) $100, plus (b) accrued interest and all charges since the date of the last payment." In addition, Borrower agreed to repay Citibank all amounts owed plus interest and any other charges provided for under the Loan Documents. See Exhibit B.

13. Under the terms of the Disclosure Booklet, the Guarantors irrevocably guaranteed to Citibank the full and punctual payment by the Borrower when due, whether at the stated due date, by acceleration, or otherwise, of the Guaranteed Obligations (defined as "all Obligations of the Borrower, however created, arising or evidenced, voluntary of involuntary, whether direct or indirect, absolute or contingent, now or hereafter owing to Citibank"). See Exhibit D at p. 6, p. 15. Further, the Loan Documents provide that if "for any reason the Borrower shall fail or be unable duly and punctually to pay any of the Guaranteed Obligations….the Guarantor[s] shall forthwith pay the same, in cash, immediately upon demand." See Exhibit D at p. 6.

14. The Loan Documents also contain a list of occurrences that constitute an "Event of Default," including, but not limited to, the following: (1) Borrower's failure to "pay any installment of principal, or interest on, the Obligations when due or any fees or other amounts owed in connection with the Obligations;" (2) Borrower or Guarantor's failure to perform any term, covenant, or agreements contained in the Loan Documents; and (3) if any Borrower or Guarantor is an Entity, if that Entity is dissolved or fails to maintain its existence in good standing. See Exhibit D at p. 9.

15. Despite the contractual obligations contained in the Loan Documents, numerous actions and inactions by the Obligors have constituted an Event of Default, including, but not limited to, the following:

    a. Borrower failed to make payments to Citibank as required under the terms of the Loan Documents for the months of March 2019 through July 2019.

        b.      Borrower, a corporation, is no longer in good standing in the State of Maryland and has been forfeited, which means the right of the entity to conduct business in the State of Maryland has been relinquished and it has no right to use its name.  A genuine and complete copy of the Maryland Certificate of Status of LB&A as of July 17, 2019 is attached hereto as **Exhibit E**.

        16.      Under the terms of the Loan Documents, one of Citibank's remedies upon the occurrence and continuance of an Event of Default is to accelerate the obligations of the Obligors and to declare all amounts owed to Citibank, including all interest and any other fees thereon owed, immediately due and payable.  See Exhibit D at p. 11.

        17.      After Borrower failed to make the payments required under the Loan Documents for the months of March through May 2019, on May 21, 2019, Citibank sent a Notice of Default and Intent to Accelerate to Borrower, formally demanding payment of $24,485.32.  The Notice of Default additionally put Borrower on notice that Citibank intended to accelerate Borrower's obligations such that all sums due to Citibank would become immediately due and payable within 10 days of May 21, 2019 without such a payment. A genuine and complete copy of the May 21, 2019 Notice of Default and Intent to Accelerate letter is attached hereto as **Exhibit F.**

        18.      Subsequently, by letter dated June 19, 2019, Citibank sent via Federal Express a Notice of Default, Acceleration of Indebtedness, and Demand for Payment to the Obligors, notifying the Defendants that a default had occurred and was continuing under the terms of the Loan Documents, and making demand upon the Obligors to pay the entire unpaid amount due and owing on the Loan (as of June 12, 2019, the total amount due and owing under the Line of Credit was $192,449.71).  A genuine and complete copy of the June 19, 2019 Notice of Default, Acceleration of Indebtedness, and Demand for Payment letter is attached hereto as **Exhibit G**,

and incorporated by reference herein.

19. Despite Citibank's acceleration of the amounts due under the Loan Documents and demand for payment, neither Borrower nor the Guarantors have paid Citibank the amounts due under the Loan Documents.

20. As of July 22, 2019, a total of $194,070.07 was due under the Loan Documents, including $188,293.57 in unpaid principal, $5,019.80 in accrued and unpaid interest, and $756.70 in late fees. A genuine and complete copy of the payoff statement is attached hereto as **Exhibit H**. Interest continues to accrue at the per diem rate of approximately $31.38. Pursuant to the Loan Documents, Citibank is also entitled to collect its reasonable attorneys' fees and costs incurred in connection with its efforts to enforce the Loan Documents in addition to the above amounts.

## COUNT I
## Default Under the Loan Documents Against Lance Bailey & Associates, Inc.

21. Citibank realleges and incorporates by reference paragraphs 1 through 20 as if fully set forth herein.

22. Defendant LB&A is the Borrower under the terms of the Loan Documents for Account/Loan Number 6272400032/0063765128.

23. Under the terms of the Loan Documents, LB&A breached its duties to Citibank in multiple ways, including, but not limited to, the following actions or inactions that constituted Events of Default:

    a. LB&A failed to make its scheduled monthly installment payments of principal and interest to Citibank for the months of March, April, May, June, and July of 2019, constituting an Event of Default under the terms of the Disclosure Booklet; and

b.     LB&A failed to maintain its existence in good standing in the State of Maryland, and the authority of LB&A to do business in Maryland was forfeited by the Department of Assessments and Taxation of the State of Maryland on November 19, 2018. LB&A's failure to maintain its existence in good standing constituted an Event of Default under the terms of the Disclosure Booklet.

24.    Under the terms of the Loan Documents, upon the occurrence of an Event of Default, Citibank can, at its discretion, make the outstanding account balance on the Line of Credit become immediately due and payable.

25.    Pursuant to the letter dated June 19, 2019, Citibank validly accelerated the balance due under the Loan Documents and demanded immediate payment thereof.

26.    Despite receiving demand from Citibank, LB&A has failed to pay the balance due under the Loan Documents.

WHEREFORE, Citibank requests that this Court:

a.     Enter judgment in Citibank's favor and against LB&A in the amount of $194,070.07 consisting of $188,293.57 in unpaid principal, $5,019.80 in accrued and unpaid interest, and $756.70 in late fees, in addition to the costs of collection and reasonable attorneys' fees incurred by Citibank pursuant to the terms of the Loan Documents in an amount to be determined, and

b.     Grant such other and further relief as is just and appropriate under the circumstances.

## COUNT II
### Guaranty Obligations Owed By Guarantor Lancelot O. Bailey

27.    Citibank realleges and incorporates by reference paragraphs 1 through 26 as if

7

fully set forth herein.

28. Defendant Lancelot O. Bailey is a Guarantor under the terms of the Loan Documents for Account/Loan Number 6272400032/0063765128.

29. Pursuant to the Loan Documents, the Guarantors agreed to guarantee the repayment in full of LB&A's indebtedness on the Line of Credit upon the occurrence of an Event of Default. Mr. Bailey specifically agreed that if "for any reason the Borrower shall fail or be unable duly and punctually to pay any of the Guaranteed Obligations….the Guarantor shall forthwith pay the same, in cash, immediately upon demand." See Exhibit D at p. 6. The non-payment and/or non-performance of any of the obligations under the Loan Documents constitutes an Event of Default.

30. LB&A defaulted under the terms of the Loan Documents when, as set forth above: (1) LB&A failed to make timely payments under the Loan Documents for the months of March 2019 through July 2019; and (2) LB&A failed to maintain its existence in good standing in the State of Maryland as of November 19, 2018.

31. Due to these Events of Default, pursuant to the letter dated June 19, 2019, Citibank validly accelerated the balance due under the Loan Documents and demanded immediate payment thereof.

32. Despite receiving demand from Citibank, Mr. Bailey has failed to pay the balance due under the Loan Documents.

33. Mr. Bailey, as an individual Guarantor on the Line of Credit, as amended, is jointly and severally liable for all amounts due and owing under the Loan Documents.

WHEREFORE, Citibank requests that this Court:

a) Enter judgment in Citibank's favor and against Mr. Bailey in the amount

of $194,070.07 consisting of $188,293.57 in unpaid principal, $5,019.80 in accrued and unpaid interest, and $756.70 in late fees, in addition to the costs of collection and reasonable attorneys' fees incurred by Citibank pursuant to the terms of the Loan Documents in an amount to be determined,

      b)    Grant other such relief as is just and appropriate under the circumstances.

## COUNT III
### Guaranty Obligations Owed by Guarantor Bailey-Henderson Living Trust

34.    Citibank realleges and incorporates by reference paragraphs 1 through 33 as if fully set forth herein.

35.    Defendant BH Trust is a Guarantor under the terms of the Loan Documents for Account/Loan Number 6272400032/0063765128. The Co-Trustees of the BH Trust are Lancelot O. Bailey and Gaynelle Henderson-Bailey.

36.    Pursuant to the Loan Documents, the Guarantors agreed to guarantee the repayment in full of LB&A's indebtedness on the Line of Credit upon the occurrence of an Event of Default. The authorized representatives of the BH Trust specifically agreed that if "for any reason the Borrower shall fail or be unable duly and punctually to pay any of the Guaranteed Obligations….the Guarantor shall forthwith pay the same, in cash, immediately upon demand." See Exhibit D at p. 6. The non-payment and/or non-performance of any of the obligations under the Loan Documents constitutes an Event of Default.

37.    LB&A defaulted under the terms of the Loan Documents when, as set forth above: (1) LB&A failed to make timely payments under the Loan Documents for the months of March 2019 through July 2019; and (2) LB&A failed to maintain its existence in good standing in the State of Maryland as of November 19, 2018.

38. Due to these Events of Default, pursuant to the letter dated June 19, 2019, Citibank validly accelerated the balance due under the Loan Documents and demanded immediate payment thereof.

39. Despite receiving demand from Citibank, the BH Trust has failed to pay the balance due under the Loan Documents.

40. The BH Trust, a Guarantor on the Line of Credit, as amended, is jointly and severally liable for all amounts due and owing under the Loan Documents.

WHEREFORE, Citibank requests that this Court:

c) Enter judgment in Citibank's favor and against the BH Trust in the amount of $194,070.07 consisting of $188,293.57 in unpaid principal, $5,019.80 in accrued and unpaid interest, and $756.70 in late fees, in addition to the costs of collection and reasonable attorneys' fees incurred by Citibank pursuant to the terms of the Loan Documents in an amount to be determined, and,

d) Grant other such relief as is just and appropriate under the circumstances.

Dated: August 6, 2019                                Respectfully submitted,

*[signature]*

John G. McJunkin
Bar ID: 420223
Baker, Donelson, Bearman, Caldwell, & Berkowitz PC
901 K St., N.W., #900
Washington, D.C. 20001
Telephone: (202) 508-3400
Facsimile: (202) 220-3441

*Counsel for Citibank, N.A.*

## CERTIFICATE RULE LCvR 26.1

I, the undersigned, counsel of record for Citibank N.A., certify that to the best of my knowledge and belief, the following parent company of Citibank, N.A. has outstanding securities in the hands of the public:

1. Citigroup Inc. (NYSE: C)

These representations are made in order that judges of this court may determine the need for recusal.

John G. McJunkin
Bar ID: 420223
Baker, Donelson, Bearman, Caldwell, & Berkowitz PC
901 K St., N.W., #900
Washington, D.C. 20001
Telephone: (202) 508-3400
Facsimile: (202) 220-3441

*Counsel for Citibank, N.A.*